# Rice *versus* The Farmers' and Drovers' Bank.

In an assignment of error to the admission or rejection of evidence, the bill of exceptions should be stated in immediate connection with the specification, or the full substance of the bill be stated.

ERROR to the Common Pleas of *Greene county.*

This was the case of a *scire facias* issued in favor of The Farmers' and Drovers' Bank of Waynesburg, for the use of Houlsworth, *v.* William Rice, endorser of Davidson and Harris.

On the trial, on the part of the bank was offered in evidence the record of a judgment No. 168, of September Term, 1842, in favor of the said bank against *Davidson and Harris.*

Also, judgment No. 72, of March Term, 1844, entered the 19th of March, 1844, for $1015.81, in favor of said bank against Thomas Norris, endorser of Davidson and Harris. On this judgment several executions issued against Norris; upon which his farm was levied on and advertised to be sold; and on the day of sale was cried by the sheriff, when an arrangement was made between Norris and Houlsworth, by which the latter was to take an assignment of the judgment which was to be allowed as cash on the price of Norris' farm, which Houlsworth was about purchasing. Accordingly this judgment, on the 3d of April, 1847, was assigned by the bank to Houlsworth.

Also judgment No. 351, to March Term, 1843, in favor of said bank against William Rice, endorser of Davidson and Harris. *Upon this judgment the present scire facias issued.*

To this *scire facias* the defendant plead payment, and payment with leave, &c.

[Rice *v.* Farmers' and Drovers' Bank.]

Upon the trial, after the exhibition of the original judgment against the makers and *each* of the endorsers, and the assignment by the bank to Houlsworth of the judgment, viz. Judgment No. 72, March Term, 1844, the plaintiff closed.

It was stated on the paper-book that the defendant then produced evidence to establish as a defence, that he was a *subsequent* endorser to Norris on the note on which judgments were originally obtained; that the drawers had fully indemnified Norris, by funds, property, and securities placed in his hands, and that in consideration thereof Norris had released the drawers from any liability on account of what he had paid, or what he might have to pay on account of his endorsement; that the assignment aforesaid, by the bank to Houlsworth, was in pursuance of an arrangement between Houlsworth and Norris, the terms of which, as disclosed by the evidence, were, that if Houlsworth would purchase the judgment, Norris would let it come in as so much cash paid Houlsworth on the price of Norris' farm, for which they were then bargaining.

In order to rebut this defence, the plaintiff called *Thomas Norris* as a witness. To this witness the defendant objected; but the Court overruled the objection and admitted the witness.

To this the defendant's counsel excepted.

It was assigned for error, viz. "The Court erred in admitting Thomas Norris as a witness."

*Downey* and *Rowe*, for plaintiff in error.

*Sayers* and *Black*, for defendant in error.

The opinion of the Court was delivered, September 22, by

LEWIS, J.—The rule of Court requires that when the error assigned is to the admission or exception of evidence, the specification must quote the full substance of the bill of exceptions, or copy the bill in immediate connection with the specification. Any assignment not in accordance with this rule, will be held the same as none."

The specification of error in this case, relates to the admission of Thomas Norris as a witness; but neither "the bill of exception" nor "the full substance of it," is stated "in immediate connection with the specification." Indeed, neither of these important particulars is to be found in any part of the paper-book. The error assigned is therefore not sustained. It must, in accordance with the rule, be "held the same as none."

Judgment affirmed.